IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAY SIOK LIN,<br><br>  Plaintiff,<br><br>  v.<br><br>PLATINUM TOO, LLC, a Utah Limited Liability Company, BRUCE MABEY, and WILLIAM TEITELBAUM,<br><br>  Defendants. | No. C 07-05551 WHA<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND GRANTING ALL MOTIONS TO SET ASIDE DEFAULTS** |

**INTRODUCTION**

In this securities fraud action, plaintiff Lay Siok Lin moves for entry of default judgment against all defendants following entry of default two months ago. All defendants move to set aside the defaults against them and oppose the motion for entry of default judgment.

**STATEMENT**

Plaintiff filed the instant action on October 31, 2007. Six weeks earlier, defendant William Teitelbaum had filed a complaint in the United States District Court for the Eastern District of New York against plaintiff. Both actions purportedly involve the same events, transactions, and occurrences. On December 14, Teitelbaum filed an amended complaint in the New York action adding Platinum Too, LLC and Bruce Mabey as defendants (Metz Decl. Exh. 3). In the instant action, plaintiff moved for entry of default against all defendants on January 16, 2008, and defaults were entered a few days later. Plaintiff now moves for entry of

default judgment against all defendants. Defendants Mabey and Teitelbaum move to set aside their defaults and oppose entry of default judgment on the ground that they were improperly served and also that they previously contested liability in a related action. Defendant Platinum Too also does likewise on the ground that liability was contested in the related action but does not contest the service of process.

**ANALYSIS**

Default judgments are disfavored. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Cases should be decided on their merits whenever possible. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). In addition, a district court's discretion to set aside an entry of default is "especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." *Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 945 (9th Cir. 1986). An entry of default may be set aside for "good cause shown" under FRCP 55(c). Only relief from a default judgment, not merely from an entry of default, requires compliance with the specific requirements of FRCP 60(b). *See* FRCP 55(c); *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).

All defendants have made an unqualified general appearance so long as the defaults are set aside (which they now are) and without prejudice to a motion for transfer. Only a short period of time has passed since the defaults. This order therefore sets aside all defaults.

**CONCLUSION**

For all of the above-stated reasons, plaintiff's motion for default judgment is **DENIED** and all motions to set aside defaults are **GRANTED**. All defendants shall file responses to the complaint, as well as any motion for change of venue, by April 23, 2008. All Rule 26(a) disclosures shall also be made by that date. The case management order previously issued in this case shall continue to stand.

**IT IS SO ORDERED.**

Dated: April 3, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2